UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER NAM RIOFTA,<br><br>    Petitioner,<br><br>  v.<br><br>DAN PACHOLKE,<br><br>    Respondent. | Case No. C07-5489 BHS/KLS<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE AND DENYING MOTION FOR DISCOVERY |

Before the Court is Petitioner's Motion for Stay and Abeyance of Habeas Petition (Dkt. # 13), in which Mr. Riofta seeks to stay his petition for writ of habeas corpus filed in this Court pending the conclusion of proceedings filed in the Washington State Supreme Court. Respondent opposes the stay. (Dkt. # 16). Mr. Riofta filed a reply. (Dkt. # 19). Also before the Court is Mr. Riofta's motion for discovery. (Dkt. # 21). Having reviewed the parties' filings and balance of the record, the Court finds that Mr. Riofta's motion to stay should be granted and the motion for discovery denied as moot.

**I. DISCUSSION**

**A.    Procedural Background**

For purposes of this motion, the procedural background is set forth as detailed in Mr. Riofta's motion to stay. (Dkt. # 13, pp. 2-3):

On direct appeal the Washington Supreme Court denied Mr. Riofta's petition for review on

ORDER - 1

May 4, 2004. As Mr. Riofta did not file a petition for certiorari with the United States Supreme Court, his conviction become final on August 2, 2004, when the time for seeking review in the United States Supreme Court expired.

On April 25, 2005, Mr. Riofta filed a personal restraint petition (PRP) in the Washington State Court of Appeals, seeking post-conviction DNA testing as a right under the U.S. Constitution, as well as other claims. He requested discovery and an evidentiary hearing.

On May 5, 2005, Mr. Riofta also sought post-conviction DNA testing pursuant to RCW 10.73.170, the state statute governing post-conviction DNA testing, in the Pierce County Superior Court. In that motion, Mr. Riofta also claimed a right to the testing under the due process clause of the Fifth Amendment.

On September 2, 2005, Pierce County Superior Court Judge Orlando entered an order denying Mr. Riofta's request for post-conviction DNA testing under RCW 10.73.170. The judge did not address the constitutional issues raised by the motion. Mr. Riofta appealed that decision, which was consolidated with his direct appeal. On August 22, 2006, the Court of Appeals denied the PRP and affirmed the trial court's denial of post-conviction DNA testing under RCW 10.73.170. Mr. Riofta's motion for reconsideration of the consolidated cases was denied on September 14, 2006. He sought review on the consolidated cases from the Washington State Supreme Court.

In an order filed on September 5, 2007, the Washington State Supreme Court granted review in the consolidated cases only as to the RCW 10.73.170 interpretation issues. Oral argument occurred on October 23, 2007. *Id*., Exh. 1.

**B.  Stay and Abeyance under AEDPA**

A federal court may stay a habeas petition where a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). While the Antiterrorism and Effective Death Penalty Act (AEDPA) did not deprive the district courts of the authority to stay habeas petitions, the AEDPA "does circumscribe their discretion." *Rhines*, 544 U.S. at 276. One purpose of the AEDPA is to reduce delays in the execution of state criminal

ORDER - 2

sentences. *Id*. at 277.  "Stay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the AEDPA. *Id*.

A stay is appropriate only where the petitioner has not yet exhausted claims in State court, and the Court determines there was good cause for the failure to exhaust the claims first in State court. *Id*.  When petitioners face a question regarding statutory tolling of the filing deadline for a federal habeas petition, they should file a "protective" petition asking the federal court to stay and abey the federal habeas proceedings until State remedies are exhausted.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  A petitioner's reasonable confusion about whether a State filing would be timely would ordinarily constitute "good cause" for him to file in federal court. *Id*.

Mr. Riofta argues that a stay is appropriate here because the Washington State Supreme Court's decision on whether he is entitled to post-conviction DNA testing under RCW 10.73.170 will have a substantial impact upon the claims he raised regarding the violation of his rights under the United States Constitution.  (Dkt. # 13, p. 4).  If the State Supreme Court grants his request for DNA, Mr. Riofta argues that testing could lead to a match between a DNA profile found on the hat worn by the shooter and a DNA profile in the felon databank – a result supporting Mr. Riofta's claim of innocence as well as his claims that his constitutional rights to due process and effective assistance of counsel were violated.  *Id*., pp. 4-5.  Conversely, if the DNA profile found on the hat matches Mr. Riofta, his claims would likely be lost.  *Id*.

Respondent argues that the postconviction DNA issues pending in the Washington State Supreme Court are not of constitutional magnitude because a State's interpretation of its own statute (where the validity of Mr. Riofta's judgment and sentence is not implicated) does not provide a reason to stay an entire federal habeas proceeding.  (Dkt. # 16, p. 3).  In addition, Respondent argues that Mr. Riofta's federal habeas claims regarding the DNA testing are without

ORDER - 3

merit because state collateral proceedings are not required as an adjunct to the state criminal proceedings.

The Washington State Supreme Court appears to have narrowed its review of Mr. Riofta's claim to interpretation of RCW 10.73.170.  However, the Court agrees that its decision may ultimately impact Mr. Riofta's federal constitutional claims of due process and effective assistance of counsel.  In addition, the Court is reluctant to move forward with the petition in this case when the state court has not yet issued its final decision in the matter.

Accordingly, it is **ORDERED:**

(1) Petitioner's Motion for a Stay and Abeyance (Dkt. # 13) is **GRANTED**;

(2) Petitioner shall advise the Court within thirty (30) days of receiving a final State court ruling;

(3) Petitioner's motion for discovery (Dkt. # 21) is **DENIED as moot**.

DATED this   18th   day of March, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4