UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER NAM RIOFTA,<br><br>                  Petitioner,<br><br>  v.<br><br>DAN PACHOLKE,<br><br>                  Respondent. | No. C07-5489 BHS/KLS<br><br>ORDER GRANTING RESPONDENT'S MOTION TO VACATE STAY |

Before the Court is Respondent's motion to vacate the stay of proceedings in this case. Respondent's motion is based on the recent United States Supreme Court decision in *Cullen v. Pinholster,* 2011 WL 1225705 (U.S. Apr. 4, 2011). In that opinion, the Supreme Court stated that "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Id.* at * 10.

Petitioner has filed no response to Respondent's motion to vacate. Under Local Rule 7(b)(2), Petitioner's failure to file papers in opposition to the motion may be deemed as an admission that the motion has merit.

**BACKGROUND**

Petitioner Alexander Nam Riofta was convicted in 2001 in Pierce County Superior Court of assault in the first degree while armed with a firearm. After unsuccessfully pursuing state-court remedies, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court on December 3, 2007. ECF No. 5. Petitioner claims, *inter alia,* that his trial counsel

ORDER - 1

provided ineffective assistance by failing to request DNA testing of a white hat worn by the shooter. *Id*. at 16-17, ¶ A.3. Shortly after filing his petition, Petitioner filed a motion for a stay of the habeas proceedings pending the Washington Supreme Court's decision in his appeal from the denial of a post-conviction DNA motion. ECF No. 13. On March 18, 2008 the Court granted the motion to stay the habeas proceeding, noting that the Washington Supreme Court's decision could ultimately impact the analysis of Petitioner's habeas claims and the Court was reluctant to move forward in the federal matter when the state court had not issued its final decision. ECF No. 27. In that same order the Court denied Petitioner's motion for discovery as moot. *Id*.

On June 11, 2009, the Washington Supreme Court issued its decision in Petitioner's post-conviction DNA proceeding. *State v. Riofta*, 166 Wn.2d 358, 209 P.3d 467 (2009). The Supreme Court upheld the superior court's denial of the DNA motion and rejected Petitioner's challenges. *Id*. The parties in this proceeding agreed to leave the Court's stay order temporarily in place because Petitioner and the state prosecutor, despite the Supreme Court's ruling, reached an agreement regarding DNA testing of the white hat. ECF No. 29. This Court therefore maintained the order for a stay pending the results of the DNA testing and issuance of the expert's report. ECF No. 33.

Two rounds of DNA testing of the white hat were performed, first by the Washington State Patrol Crime Laboratory, followed by NMS Laboratory. On September 3, 2010, Petitioner filed a motion for discovery with this Court for further DNA testing of some apparent hairs found on the hat and a motion to continue the stay of proceedings. ECF Nos. 36 & 37. Petitioner again argued that the results of further DNA testing would have a direct bearing on his habeas claim that counsel was ineffective for failing to request pretrial DNA testing. *See* ECF

ORDER - 2

No. 36 at 3-5, 8-9.  Respondent opposed both motions.  ECF Nos. 38 and 39.  On November 3, 2010, the Court granted the motion and maintained the order for a stay.  ECF No. 41.

## DISCUSSION

Petitioner's stated reason for the stay and discovery in this case is to allow him to develop evidence in support of his claim that his trial counsel was ineffective when he failed to request pretrial DNA testing of a white hat allegedly worn by the shooter.  There is some dispute between the parties as to whether this claim was properly presented to the Washington Supreme Court.  Respondent maintains that it was not because Petitioner failed to raise it in his motion for discretionary review.  ECF No. 17, pp. 5-10.  Petitioner disagrees.  ECF No. 26, pp. 3-8.  However, it is undisputed that Petitioner raised the claim in his personal restraint petition and that the Court of Appeals addressed the claim and denied relief on the merits.  ECF No. 18, Exhs. 14 and 15 and ECF No. 18, Exh. 21, Exh. 21, pp. 21-24 (*State v. Riofta*, 134 Wn. App. 669, 692-95, 142 P.3d 193 (2006)).  Thus, the claim is subject to review under 28 U.S.C. § 2254(d)(1).

The United States Supreme Court's recent decision in *Cullen v. Pinholster* makes clear, however, that the record under review in federal habeas proceedings is limited to the record that was before the state court that adjudicated the petitioner's claim on the merits.  *Cullen v. Pinholster*, 2011 WL 1225705 (U.S. Apr. 4, 2011).  In *Cullen*, the habeas petitioner (Pinholster) was under a sentence of death issued by a California court.  He appealed his death sentence to the California Supreme Court and later filed two state habeas petitions alleging ineffective assistance of counsel based on counsel's failure to adequately investigate and present mitigating evidence in the penalty phase of trial.  *Cullen*, 2011 WL 1225705, at *6.  Both habeas petitions were summarily denied by the state court.  *Id*.  Pinholster then filed a federal habeas petition raising the same penalty-phase ineffectiveness claim.  *Id.* at *6-7.  The district court conducted

ORDER - 3

an evidentiary hearing on the claim during which Pinholster presented the testimony of two new medical experts. *Id*. at *7. The district court ultimately granted habeas relief, based in part on the evidence presented in the federal evidentiary hearing. *Id*. The Ninth Circuit en banc affirmed the district court's grant of relief, expressly holding that the new evidence could properly be considered in assessing whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1). *Id*. (citing *Pinholster v. Ayers*, 590 F.3d 651 (9th Cir. 2009) (en banc)).

The Supreme Court granted certiorari to decide whether habeas review under § 2254(d)(1) permits the consideration of evidence introduced at a federal-court evidentiary hearing. *Id*. at *8. The Court reversed the Ninth Circuit and held "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Cullen,* 2011 WL 1225705, at *10. In the Court's view, the Ninth Circuit's contrary reading of the statute conflicted with the text and purpose of AEDPA, as well as Supreme Court's precedent:

> This understanding of [AEDPA's] text is compelled by "the broader context of the statute as a whole," which demonstrates Congress' intent to channel prisoners' claims first to the state courts. … It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal court and reviewed by that court in the first instance effectively *de novo*.
>
> Limiting § 2254(d)(1) review to the state-court record is consistent with our precedents interpreting that statutory provision. Our cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did. … It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

*Id*. at *8-9 (citations omitted).

ORDER - 4

Therefore, Petitioner's request for federal habeas relief on his ineffective assistance of counsel claim must be determined solely on the basis of the record that was before the state court. *Cullen, supra*. The parties have filed their briefs on the merits and the complete state court record has been submitted. ECF No. 18. Accordingly, this matter is ripe for decision.

Accordingly, it is **ORDERED:**

(1) Respondent's Motion to Vacate Stay (ECF No. 43) is **GRANTED.**

(2) The Court will now consider Petitioner's writ of habeas corpus.

(3) The Clerk is directed to send copies of this Order to counsel for the parties.

**DATED** this  23rd  day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5